UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MILAN KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 723 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| TONY CURTIS and JACLYN M. LENTING, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

For the reasons set forth below, Defendants' motions to dismiss [23][24] are granted, and Plaintiff's motion for a stay [42] is denied. Plaintiff's federal claims are dismissed with prejudice. The court relinquishes supplemental jurisdiction over Plaintiff's state law claims, which he is free to refile in state court, subject of course to any applicable defenses. Plaintiff's motion for attorney representation [40] is denied as moot. Enter judgment order. The 9/20/2018 status hearing [41] is stricken. Civil case closed.

### STATEMENT

Plaintiff's claims that Defendants lied before the grand jury and at his trial are barred by absolute immunity. *See Rehberg v. Paulk*, 566 U.S. 356 (2012); *Briscoe v. LaHue*, 460 U.S. 325 (1983). It follows that Plaintiff's claims that Defendants conspired to lie before the jury and grand jury fail as well. *See Rehberg*, 566 U.S. at 369.

Plaintiff's apparent claim that he was falsely arrested in violation of the Fourth Amendment is barred by the two-year statute of limitations. *See Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009). The complaint plainly alleges that the arrest occurred in 2014, Doc. 20 at 4, and this suit was not brought until 2018, Doc 1.

With Plaintiff's federal claims dismissed, the court exercises its discretion at this early stage of the case to relinquish its supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c)(3); *Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016); *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007).

Plaintiff's motion for a stay of this case pending the resolution of his appeal of his state court conviction is denied. Even if Plaintiff's state court conviction is reversed on appeal, his federal claims still would fail as a matter of law for the reasons given above. It is possible that a reversal of his conviction could assist Plaintiff's apparent state law malicious prosecution claim—which cannot proceed at this point because, given his conviction, he cannot establish favorable termination, *see Curtis v. Bembenek*, 48 F.3d 281, 286 (7th Cir. 1995)—but the court has relinquished jurisdiction over that claim.

August 17, 2018

_____
United States District Judge