**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 17, 2019[*]
Decided June 3, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-2989

| | |
|---|---|
| MILAN KNOX, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 C 723 |
| TONY CURTIS and JACLYN M. LENTING, *Defendants-Appellees.* | Gary Feinerman, *Judge.* |

### O R D E R

After he was convicted of improperly communicating with a witness to his alleged criminal activity, Milan Knox sued the witness and a police officer, blaming their false statements for his arrest and ultimate conviction. The district court dismissed Knox's claims as barred by the statute of limitations or the defendants' witness immunity. Because, under recent case law, Knox has a timely Fourth Amendment claim for wrongful pretrial detention, we partially vacate the judgment and remand to the district court for further proceedings.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Case: 1:18-cv-00723 Document #: 52 Filed: 06/25/19 Page 2 of 4 PageID #:206
Case: 18-2989      Document: 00713441244      Filed: 06/25/2019      Pages: 4

No. 18-2989                                                                      Page  2

In February 2014, Knox was arrested and detained for harassing a witness in a drunk-driving case pending against him. Jaclyn Lenting complained to police that she received a phone call from a person claiming to be prosecutor, questioning her about the car accident that led to Knox's prosecution. Knox denies calling Lenting, but, the next month, he was indicted by a grand jury for communicating with a witness. At the grand jury proceeding, the arresting officer, Tony Curtis, testified that he had traced the suspicious phone call to a number, which, when dialed, connected to a voicemail message in which Knox identified himself by name.

At a pretrial hearing in November 2015, the state court denied Knox's motion to quash his arrest, concluding that Curtis had probable cause to arrest him based on Lenting's complaint and the police investigation. The court issued a no-bail order, and Knox remained in custody until he was released on bond in August 2017. Three months later, Knox was convicted of communicating with a witness and was sentenced to two years' imprisonment. He was granted a one-year term of parole in March 2018.

In January 2018, Knox sued Curtis and Lenting under 42 U.S.C. § 1983. In his amended complaint, filed March 2018, he alleges that they conspired to present false testimony and did present false testimony at his grand jury proceedings and bench trial, which led to his pretrial detention and conviction. He states that he spent "3 years 5 months in the county jail and 1 year [on] parole."

Lenting filed a motion to dismiss, *see* FED. R. CIV. P. 12(b)(6), arguing that she is entitled to immunity for her testimony. Curtis also moved to dismiss on immunity grounds; he further argued that any claim related to Knox's arrest or prosecution was untimely or barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The district court granted both defendants' motions to dismiss in August 2018. It explained that they were absolutely immune from suit based on their testimony and that Knox's "false arrest" claim was time-barred because he was arrested nearly four years before he filed suit. The court declined to exercise supplemental jurisdiction over his state-law malicious-prosecution claim. *See* 28 U.S.C. § 1367(c).

Knox appeals, and we review de novo the dismissal of his complaint, accepting his factual allegations as true and drawing all reasonable inferences in his favor. *See Lewis v. City of Chicago*, 914 F.3d 472, 475–76 (7th Cir. 2019).

Case: 1:18-cv-00723 Document #: 52 Filed: 06/25/19 Page 3 of 4 PageID #:207
Case: 18-2989      Document: 00713441244      Filed: 06/25/2019      Pages: 4

No. 18-2989                                                                    Page 3

The district court properly dismissed Knox's claim that Curtis and Lenting falsely testified at his criminal proceedings and conspired to do so. Both defendants have absolute immunity from a § 1983 damages suit based on their testimony. *See Rehberg v. Paulk*, 566 U.S. 356, 369 (2012); *Briscoe v. LaHue*, 460 U.S. 325, 327, 341–45 (1983). This immunity protects both law-enforcement and lay witnesses who testify at grand jury proceedings, trials, or any other adversarial pretrial hearing. *See Rehberg*, 566 U.S. at 369; *Briscoe*, 460 U.S. at 345; *Curtis v. Bembenek*, 48 F.3d 281, 284–85 (7th Cir. 1995). It also extends to Knox's conspiracy claim, lest the immunity be frustrated by artful pleading. *See Rehberg*, 566 U.S. at 369.

Knox contends that his "false arrest" claim against Curtis[1] "should have not been dismissed for time barred reasons." Based on legal developments that post-date the district court's judgment, we agree with Knox that he stated a timely claim under the Fourth Amendment. About three weeks after the district court dismissed Knox's suit, this court decided *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018), *pet. for cert. filed* (Feb. 21, 2019) ("*Manuel II*"), clarifying the nature and date of accrual of various Fourth Amendment claims. Under *Manuel II*, if a plaintiff complains about "a search or seizure [that] causes injury independent of time spent in custody," then his or her claim accrues at the time of the "pre-custody event[]." *Id.* at 669. But when a plaintiff challenges "the propriety of his time in custody," *id.*, the Fourth Amendment claim accrues only "when the detention ends." *Id.* at 670; *see also Lewis*, 914 F.3d at 478.

Knox falls into the latter category, which renders his suit timely. Although he asserts that "there was no probable cause for [the] arrest,"[2] Knox does not complain about any pre-custody injury. Based on his allegations as a whole, it is clear that the real problem is the loss of liberty—specifically, "the absence of probable cause that would

---

[1] We construe this claim as against Curtis only; Lenting is a private actor, and Knox has not alleged any facts that suggest joint action between the two defendants. *See Wilson v. Warren Cty., Illinois*, 830 F.3d 464, 468 (7th Cir. 2016) ("For a private actor to act under color of state law [and thus be suable under 42 U.S.C. § 1983] he must have had a meeting of the minds and thus reached an understanding with a state actor to deny plaintiffs a constitutional right." (internal quotation marks omitted)).

[2] In their brief, the defendants-appellees contend that Knox "failed to allege in his amended complaint ... that he was arrested without probable cause." However, we have recognized that a plaintiff may "supplement" the complaint with "extra assertions" in a memorandum opposing a motion to dismiss. *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997). Knox did so here.

Case: 1:18-cv-00723 Document #: 52 Filed: 06/25/19 Page 4 of 4 PageID #:208
Case: 18-2989     Document: 00713441244     Filed: 06/25/2019     Pages: 4

No. 18-2989                                                                 Page 4

justify [his] detention." *Manuel II*, 903 F.3d at 670. Therefore, Knox's claim that he was arrested and detained without probable cause accrued either in August 2017 (when he was released on bond), *see id.*, or in November 2017 (when he was convicted). *See Mitchell v. City of Elgin*, 912 F.3d 1012, 1017 (7th Cir. 2019) (noting we have yet to decide whether pretrial-release conditions constitute a Fourth Amendment seizure). Either way, Knox's original complaint, submitted in January 2018, was filed well within the two-year limitations period, and thus, his Fourth Amendment claim is timely. *See Lewis*, 914 F.3d at 478 (two-year statute of limitations for § 1983 actions in Illinois).

We reject Curtis's alternate argument that even if Knox's claim is timely, it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). To the extent that Knox challenges his post-conviction detention, *Heck* indeed bars his § 1983 suit. *See id.* at 486–87. However, Knox also challenges his pretrial (pre-bond) detention, the unlawfulness of which does not have "any necessary effect on the validity of [his] conviction." *Mordi v. Zeigler*, 870 F.3d 703, 708 (7th Cir. 2017); *see also Manuel II*, 903 F.3d at 670 (plaintiff's claim that "police hoodwinked the judge" at probable-cause detention hearing was not *Heck*-barred once plaintiff was released from custody). Therefore, dismissal of Knox's suit at this stage was improper.

For these reasons, we VACATE the judgment to the extent that it dismissed Knox's Fourth Amendment claim of wrongful pretrial detention as untimely and REMAND to the district court for further proceedings consistent with this order. In all other respects, the judgment is AFFIRMED.